# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DOYLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Docket No. 2:19-cv-00229-NT |
| TOWN OF FALMOUTH, | ) ) ) |
| Defendant. | ) |

## ORDER ON DEFENDANT'S MOTION TO DISMISS

Before me is the Defendant's motion to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. ("Def.'s Mot.") (ECF No. 5). For the reasons stated below, the motion to dismiss is **GRANTED**. The Plaintiff's claims are **DISMISSED** without prejudice.

## BACKGROUND

Plaintiff Michael Doyle claims that Defendant Town of Falmouth ("**Town**" or "**Defendant**"), through its Town Council ("**Council**"), violated its own rules of conduct, denied him equal protection under the law, and suppressed lawful speech. His Complaint, which was filed in Maine Superior Court on April 10, 2019, is produced in its entirety below:

> FACTS:
> 1. Defendant Town of Falmouth's Town Council led by Chairmen Caleb Hemphill, violated their Council rules and denied Plaintiff equal protection under the law as laid out in the 14th Amendment of the Constitution of the United States of America. The Council Rules were

violated in Section 17[1] (Exhibit 1) when Councilor Hope Cahan blurted out after Plaintive [sic] finished a comment at the podium, "No applausing, (Cahan's word choice) we want to create a safe space for people who want to comment so would you please withhold from clapping or booing that would be greatly appreciated so everyone can speak and not held in judgment." without permission to speak from the Chairman Hemphill. Cahan, according to Council rules, Section 19[2] must make satisfaction before being allowed to speak or vote after the breach. Hemphill allowed Cahan to vote on an item at the April 9th Council meeting. Plaintiff is required to abide by Council Rules while they violate and refuse to enforce their own rules of conduct. For example Democrats are allowed to drone on well after the five-minute limit at the podium has expired, while Plaintiff, a Republican, is constantly and strictly held to the five-minute limit.

2. Plaintiff moves the Court to invalidate all Council votes made that counted Cahan's vote from April 9th up to and including all other votes until Cahan makes satisfaction as defined by "a fulfillment of an obligation or claim" and mandate that all Council Rules be enforced equally on members as well as speakers at the podium both Democrats and Republicans.

3. Respectfully submitted this 10th day of April 2019[.]

Compl. (ECF No. 4-2).

The Defendant removed the case to this Court pursuant to 28 U.S.C. § 1441. (ECF No. 1). On May 28, 2019, the Defendant moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] Attached as an exhibit to the Complaint is a document that contains Sections 17–19 of the rules that are alleged to govern Council meetings. Section 17 states, "When a member is about to speak, he/she shall respectfully address the Chairperson, confine himself or herself to the question under debate and avoid personalities." Compl. Ex. 1 (ECF No. 4-2).

[2] Section 19 of the Council rules states, "When any member shall be guilty of a breach of any of the rules or orders of the Council, he/she may on motion be required to make satisfaction therefore and shall not be allowed to vote or speak, except by way of excuse, until he/she has done so." Compl. Ex. 1.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the "legal sufficiency" of a complaint. *Maine Educ. Ass'n Benefits Trust v. Cioppa*, 842 F. Supp. 2d 373, 376 (D. Me. 2012). The general rules of pleading require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That "short and plain statement" need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and alterations omitted).

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted). "Merely reciting elements of a claim will not do. . . . Nor will alleging facts that are too meager, vague, or conclusory to remove the possibility of relief from the realm of conjecture." *Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) (internal quotations and citation omitted). Furthermore, although a plaintiff need not establish a prima facie case of his claim at the pleading stage, "the elements of a prima facie case may be used as a prism to shed light upon the plausibility of the claim." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 54 (1st Cir. 2013).

Faced with a motion to dismiss, I examine the factual content of the Complaint and determine whether those facts support a reasonable inference "that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. First, I "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Second, I take the complaint's well-pleaded, non-speculative facts as true, "drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.* However, I need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Distinguishing sufficient from insufficient pleadings is a "context-specific task." *Id.* at 679.

"A document filed *pro se* is to be liberally construed, . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citation omitted). If a pro se plaintiff provides sufficient facts, a court can "intuit the correct cause of action." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). However, dismissal of a pro se complaint is appropriate where a plaintiff merely states the formal elements of a claim "without the requisite supporting facts." *Id.* ("[P]ro se status does not insulate a party from complying with procedural and substantive law."). Pro se plaintiffs must still "plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

4

A plaintiff can challenge the violation of a constitutional right under 42 U.S.C. § 1983.[3] Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). With respect to a § 1983 claim, a plaintiff "must plausibly plead two essential elements, (i) that the conduct complained of has been committed under color of state law, and (ii) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Najas Realty, LLC v. Seekonk Water Dist.*, 821 F.3d 134, 140 (1st Cir. 2016) (internal quotations omitted). To satisfy this latter requirement, the plaintiff must identify a substantive right, which he has been denied, and a "causal connection between the defendant's conduct and the alleged deprivation." *García-González v. Puig-Morales*, 761 F.3d 81, 87 (1st Cir. 2014). A plaintiff suing a municipality "must show that the violation occurred as a result of the municipality's 'policy or custom.'" *Freeman v. Town of Hudson*, 714 F.3d 29, 38 (1st Cir. 2013). A complaint that "alleges misconduct from many separate actors, but gives no guidance about which acts are properly attributable to the municipal authority," fails to state a claim against the municipality. *Id.*

## DISCUSSION

Liberally construed, the Complaint alleges that the Falmouth Town Council has violated its own rules and the Defendant's Equal Protection and First Amendment rights. The Defendant argues that the Plaintiff fails to allege any facts

---

[3] Although the Plaintiff does not specify that he is bringing his claims pursuant to 42 U.S.C. § 1983, I construe his pro se Complaint alleging constitutional violations as employing this cause of action. *See Philbrick v. Maine Dept. of Health & Human Servs.*, 616 F. Supp. 2d 123, 126 (D. Me. 2009).

5

showing intentional discrimination by the Council, that he advances sweeping and conclusory statements, and that he asks for relief that would violate separation of powers.

## I. Violation of the Council's Own Rules

The Plaintiff claims that the Council has violated its own rules by permitting Councilor Cahan to vote because she had not made satisfaction after she allegedly violated the rule requiring her to address the Chair before speaking. However, the Plaintiff's own facts do not suggest that any rules were violated. Section 19 of the rules does not automatically require a member to make satisfaction before voting. Rather, it states that "he/she may on motion be required to make satisfaction." Compl. Ex. 1 (ECF No. 4-2). Thus, the prerequisite for any satisfaction requirement is a motion. The Complaint nowhere states that such a motion was made. Further, as the Defendant points out, the rules do not create an independent cause of action. *See* Def.'s Mot. 6–7. Accordingly, the Plaintiff has failed to state a claim for any violation of the Council's own rules, much less a violation that would create any right of action for the Plaintiff.

## II. Equal Protection Claims

"An equal protection claim requires proof that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent

6

to injure a person."[4] *Freeman*, 714 F.3d at 38 (internal quotations omitted). Two groups are considered "similarly situated" when they "have engaged in the same activity vis-à-vis the government entity without such distinguishing or mitigating circumstances as would render the comparison inutile." *Bruns v. Mayhew*, 750 F.3d 61, 65–66 (1st Cir. 2014) (internal quotations omitted).

The Plaintiff alleges that the Council has "denied [him] equal protection under the law as laid out in the 14th Amendment."[5] Compl. ¶ 1. He seems to make two claims: (1) that the Council rules are not enforced in the same manner against Council members, who are all Democrats, as against the Plaintiff, who is a Republican, and (2) that the Council treats speakers differently based on their political affiliations. *See id.*

As for the first argument, the Plaintiff compares his own treatment to that of the Council members. He points to the Council's failure to reprimand Councilor Cahan after she allegedly spoke out of order, and asserts that he, in contrast, "is constantly and strictly held" to the speaking time limit. Compl. ¶ 1. In addition, in

---

[4] Generally, classifications based on political view are subject to rational basis review because they are not suspect or quasi-suspect. *See Págan v. Calderón*, 448 F.3d 16, 35–36 (1st Cir. 2006); *see also Vieth v. Jubelirer*, 541 U.S. 267, 293 (2004) ("A purpose to discriminate on the basis of race receives the strictest scrutiny under the Equal Protection Clause, while a similar purpose to discriminate on the basis of politics does not."). However, government conduct that interferes with the exercise of a fundamental right, such as laws "that burden political speech," is subject to strict scrutiny. *See Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 340 (2010). Nevertheless, because I find that the Plaintiff has not provided sufficient facts to indicate that he is similarly situated to others who were treated differently, I need not decide what standard would be applicable here. *See Bailey v. Maine Comm'n on Governmental Ethics & Election Practices*, 900 F. Supp. 2d 75, 87 (D. Me. 2012).

[5] The Plaintiff's claim that the Defendant has violated his equal protection rights is a "conclusory legal allegation[ ] (which may be disregarded)." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013); *see also Iqbal*, 556 U.S. at 678 (noting that although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (internal quotations omitted).

his response, the Plaintiff describes "improper conduct" by another councilor who allegedly called a speaker a "son of a bitch" at a Council meeting and uttered an obscenity at a non-public Council workshop.[6] Pl.'s Response Def.'s Mot. Dismiss 2 ("Pl.'s Response") (ECF No. 6). He claims that if he, a Republican, ever used those terms during a meeting, "he would be escorted from the meeting by the police, but there are once again, no consequences for these democrat Councilors." *Id.* However, Mr. Doyle and the councilors are not similarly situated. The councilors, including Councilor Cahan, are elected members of the Council, whereas Mr. Doyle is a private individual. The exhibit attached to the Complaint contains rules that apply only to Council members. The rules that apply to speakers are not provided. The facts in the Complaint support no inference that the Council has treated similarly situated individuals differently.

As for the second argument, the Plaintiff may be attempting to contend that the Council treats speakers differently based on their political affiliations. For that claim, the Complaint contains a single fact. It states: "For example Democrats are allowed to drone on well after the five minute limit at the podium has expired, while Plaintiff, a Republican, is constantly and strictly held to the five-minute limit."[7]

---

[6] In most cases, the 12(b)(6) inquiry is limited to the contents of the complaint. *See Carrero-Ojeda v. Autoridad de Energía Eléctrica*, 755 F.3d 711, 716–17 (1st Cir. 2014). However, the pleadings of a pro se litigant "are to be liberally construed and may be interpreted in light of supplemental submissions, such as any response filed in opposition to the motion to dismiss." *Elkins v. Elkins*, No. 09-cv-582-P-H, 2010 WL 2301152, at *5 (D. Me. June 7, 2010), *report and recommendation adopted by* 2010 WL 2651590 (D. Me. June 25, 2010); *see also Sirois v. United States*, No. 2:17-cv-324-GZS, 2018 WL 2142980, at *1 (D. Me. May 9, 2018); *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003) (considering plaintiff's response to motion to dismiss "to understand the nature and basis of his claims").

[7] Because a pro se Complaint should be given a generous reading, I assume that the Plaintiff is referring to *speakers* who are Democrats rather than *Council members* who are Democrats, despite the

Compl. ¶ 1. In his response to Defendant's motion to dismiss, the Plaintiff identifies three Democrats who "have abused the time limit to speak unimpaired by the Council." Pl.'s Response 3. However, again, the Plaintiff provides no specific facts regarding when these incidents occurred, whether they were under similar circumstances as his own speeches, and whether the Councilors were aware of those speakers' political affiliations.

It "does not cut it, even at the pleading stage," to identify comparators without offering any explanation of how they are similarly situated. *Najas Realty*, 821 F.3d at 144; *see also Harron v. Town of Franklin*, 660 F.3d 531, 537 (1st Cir. 2011) ("At a minimum, in order to provide fair notice to the defendants and state facially plausible legal claims, . . . [the plaintiff] had to identify his putative comparators and put forth some facts showing the existence of malice or some other impermissible consideration.") (internal quotations and alterations omitted); *Comley v. Town of Rowley*, 296 F. Supp. 3d 327, 335 (D. Mass. 2017) (in plaintiff's equal protection claim of selective enforcement for the removal of political signs, finding complaint insufficient where it merely identified other signs not removed without stating how they were relevant comparators). I conclude that the Plaintiff has failed to "nudge[ ] his claims . . . across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680 (internal quotations and alterations omitted).

---

fact that the Plaintiff uses this as an "example" of how he is required to abide by Council Rules while Council members "violate and refuse to enforce their own rules of conduct." Compl. ¶ 1.

## III. First Amendment Claims

Even though the Complaint does not assert a First Amendment claim, the Plaintiff refers to the First Amendment in his response to the motion to dismiss. *See* Pl.'s Response 3–4. Given the Plaintiff's pro se status, I consider whether the pleadings are sufficient to state a plausible First Amendment claim.

Neither party discusses what type of forum a Council meeting is for First Amendment purposes, and the opinions addressing the issue are not uniform. I assume for the sake of the motion that a Council meeting is a designated public forum.[8] In a "designated public forum, "[g]overnment restrictions on speech . . . are subject to the same strict scrutiny as restrictions in a traditional public forum." *Pleasant Grove City v. Summum*, 555 U.S. 460, 469–70 (2009). "Reasonable time, place, and manner restrictions are allowed, but any restriction based on the content of the speech must satisfy strict scrutiny, that is, the restriction must be narrowly tailored to serve a compelling government interest, and restrictions based on viewpoint are prohibited." *Id.* at 469 (citations omitted). To prevail on a claim of viewpoint discrimination, a plaintiff "must show 'a pattern of unlawful favoritism' " in which the government "prefer[s] the message of one speaker over another." *Comley*,

---

[8] A designated public forum "consists of public property which the state has opened for use by the public as a place for expressive activity." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Courts have held that public comment portions of town meetings qualify as designated public fora. *See Doyle v. Town of Scarborough*, No. 2:15-cv-00227-JAW, 2016 WL 11372625, at *3 (D. Me. Feb. 23, 2016); *Surita v. Hyde*, 665 F.3d 860, 869 (7th Cir. 2011). Other courts have classified such meetings as limited public fora, in which the government can impose reasonable restrictions on content. *See Youkhanna v. City of Sterling Heights*, 934 F.3d 508, 518–19 (6th Cir. 2019).

10

296 F. Supp. 3d at 333 (quoting *Thomas v. Chicago Park Dist.*, 534 U.S. 316, 325 (2002)); *McGuire v. Reilly*, 386 F.3d 45, 61–62 (1st Cir. 2004).

The Plaintiff appears to allege viewpoint discrimination when he asserts in his Complaint that the Council permits Democratic speakers to exceed the five-minute time limit, while strictly enforcing the limit for Republican speakers, and when he refers in his response to three Democrats who were allowed to exceed the time limit. *See* Compl. ¶ 1; Pl.'s Response 3. However, the Plaintiff has not pleaded sufficient facts to indicate the requisite pattern of favoritism. He fails to identify any specific examples, and his allegations are too meager and vague to state a claim. Although I can intuit a legal cause of action for a pro se plaintiff, dismissal is warranted when the pleading lacks sufficient factual matter. *Iqbal*, 556 U.S. at 678.

In his response, the Plaintiff also alleges that Councilor Cahan's statement "was designed to suppress everyone's right at the meeting to express their opinion on the content of each speaker's points." Pl.'s Response 4. He asserts that this amounts to a First Amendment violation because "[a]pplauding, booing, or any other form of expression is a form of Free Speech at any public meeting." *Id.* He further contends that Ms. Cahan's comment "was a 'content' violation," presumably referring to government action restricting speech based on its content. *Id.* Finally, the Plaintiff asserts that commenters at a public meeting "must not be allowed to be interrupted by out of control Councilors." *Id.*

The Plaintiff fails to support any of these conclusions with sufficient facts and fails to state a First Amendment claim. Rather, all that the Plaintiff alleges is that

11

Councilor Cahan requested that the audience—i.e. those not presently speaking at the podium—refrain from making any noise in support of or in opposition to the current speaker. The Plaintiff provides no facts suggesting that such a request had any effect or that there were any threatened consequences for violating it.

Instead of pleading facts that would plausibly support a First Amendment claim, the Plaintiff simply concludes that the Town unconstitutionally suppressed speech. Such bare assertions are insufficient to state a claim.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Defendant's Motion to Dismiss without prejudice.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 23rd day of October, 2019.